**Alexander ZAVAILOV, Plaintiff–Appellant,**

v.

**John R. MORGAN, Jr. and Ford Motor Credit Co., Defendants–Appellees.**

No. 00–9453.

United States Court of Appeals, Second Circuit.

June 13, 2001.

Alan R. Sirlin, Valley Stream, NY, for appellant.

Anne Marie Tormay, McCarthy, Small & Associates, P.C., New York, NY, for appellees.

Present WINTER, McLAUGHLIN and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff Alexander Zavailov appeals from a judgment of the United States District Court for the Eastern District of New York dismissing his complaint after a jury verdict in favor of defendants John R. Morgan, Jr., and Ford Motor Credit Co. Zavailov principally argues that the district court erred by declining to admit certain medical records into evidence at trial.

Prior to trial the parties entered into a proposed joint pre-trial order. In a statement of stipulated facts, they agreed that defendants were wholly liable for the accident and that plaintiff would not seek damages in excess of $100,000. In a section of the proposed order denominated "Schedule of Exhibits and Documents," the parties indicated that "[t]he plaintiff may mark for identification and/or move into evidence" various documents including medical records from several different sources. The order also indicated that the plaintiff "may call" the doctors who wrote most of the reports and records.

During the testimony of Dr. Leonard Bleicher, one of the witnesses named in the proposed pre-trial order, plaintiff sought to offer records from the Argos Medical Center. Defendants objected that plaintiff had not laid an adequate foundation for admission of these records and they constituted hearsay. Plaintiff's counsel then argued, "the physician who has treated him and who has examined him and who has looked over the prior records can testify not only as to his physical examination but as to the prior record." Defense counsel responded, "[h]e can testify [but] he can't put that in evidence." The court indicated that it would hold off on admitting the records and that plaintiff must "lay a proper foundation before I even consider the[ir] admission." Plaintiff's counsel argued that the records were admissible because the witness considered them as part of his examination of plaintiff, but the court ruled that although Dr. Bleicher could rely on the records as support for his conclusions, plaintiff couldn't "put the records in evidence unless the other side stipulates." Plaintiff's counsel responded "[f]ine" and did not argue that the proposed pretrial order permitted him to offer the records without a stipulation.

During summation, defendants' attorney commented on the fact that plaintiff had not put into evidence any medical records from treating sources other than Dr. Bleicher.

The jury found for defendants apparently on the ground that plaintiff had not suffered a serious injury within the meaning of New York's no-fault law. *See* N.Y. Ins. Law § 5102(d)

On appeal, Zavailov argues that (1) the proposed pretrial order constituted a stipulation between the parties that required admission of the medical reports without any further foundation and (2) defendants' attorney compounded the prejudice stemming from the district court's failure to admit the records by talking to the jury about the lack of medical evidence. Both

of these contentions are completely lacking in merit.

First, Zavailov did not argue in district court that the stipulation provided a sufficient basis for admitting the records. "[I]t is a well established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994) (citing *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). Although we may disregard this rule where necessary to remedy a manifest injustice or "if the elements of the claim were fully set forth and there is no need for additional fact finding," Zavailov does not satisfy either of these tests. There is no evidence in the record before us of the contents of the records and Zavailov does not explain his failure to introduce the records through the physicians listed in the proposed pretrial order.

Second, even if we were to reach the merits, we would find that the district court did not err. The proposed pretrial order indicates that plaintiff may mark certain exhibits and move them into evidence but does not by its terms or by implication waive defendants' right to object to the admissibility of these exhibits. Because the district court did not err, defense counsel's comments were not improper.